UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

VS.                                                                        CRIMINAL NO. 4:15cr50-SA-JMV

MICHAEL ALLEN TARVER                                                      DEFENDANT

## MOTION TO EXCLUDE ALL 404(b) MATERIAL WITH AUTHORITIES

COMES NOW, the Defendant, Michael Allen Tarver, by and through counsel, and files this his Motion to Exclude All 404(b) Material with Authorities and in support thereof sets forth the following:

1. The government has indicated that they intend to introduce testimony from the bond hearing on May 5, 2015 as 404(b) material.

2. According to testimony from Thomas Worbington, on February 3, 2015, he saw Mike Tarver's truck at his house between 8:30 and 9:00 p.m. The Tarvers' were in Las Vegas at that time. See Exhibit "A". Also, Mr. Tarver's truck was in the shop. See Exhibit "B".

3. According to the testimony of Lee Saxon, on March 28, 2015 she observed Mike Tarver's truck on Odom Road. The Tarvers were at Gold Strike Casino in Tunica, Mississippi on that date and time. See Exhibit "C".

4. According to the testimony of Jerris Davis, on January 19, 2015, Mike Tarver was in the Walmart parking lot, implying that his presence had some adverse to Boyle Skene Water Association. He neglected to mention the fact that, Mike Tarver was in his truck with his wife, Cindy Tarver, eating pizza. They were joined by Jackie Mims, Mike Tarver's son in law and his grandson who shared the pizza with them. See Exhibit "D".

5. According to the testimony of Lee Saxon on page 17 of the transcript of the

1

hearing held on May 5, 2015, she was able to identify Mike Tarver's truck because it had a dimmer headlight and taillight on the passenger side. See Exhibit "E". Subsequent to the hearing, the government produced video of Mike Tarver in his truck paying his water bill in the drop off and driving down the road. Those videos do not reflect any dimmer taillight or headlights.

6. The defendant has potential alibis for the following dates testified to in the bond hearing held on May 5, 2015. Although requested, the Government has not provided counsel with the time of the occurrence necessary to verify the alibis:

    a. Through the testimony of Lee Saxon:

        1. March 2, 2015 Walmart

        2. March 31, 2015 Across the street from Margaret Green Junior High School

        3. April 1, 2015 Lee Saxon's House

        4. December 2014 on Rosemary Road

        5. December 2014(3 days later) on Odom Road

        6. January 2015 at Lee Saxon's House

    b. Through the testimony of Ben McIntyre:

        1. July 31, 2014 on Hwy 448

    c. Through the testimony of Jerris Davis:

        1. August 31, 2014 on Hwy 448

        2. January 19, 21, 23, 2015 at Walmart

7. The defendant requests the information listed above in order to verify the alibis.

8. Rule 404(b) provides that:

    (b) Crimes, Wrong, or Other Acts.

        (1) Prohibited Uses. Evidence of a crime, wrong or other act is not admissible

to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) Provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; or

(B) do so before trial-or during trial if the court, for good cause, excuses lack of pretrial notice.

## AUTHORITIES

The Fifth Circuit applies a two-pronged analysis for the admissibility of evidence under Rule 404(b). See *United States vs. Beechum*, 582 F.2d 898, 911 (5th Cir 1978). "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character." *Id.* "Second, the evidence must possess probative value that is not substantially outweighed by it's undue prejudice and must meet the other requirements of [R]ule 403." I*d.*

The Federal Rules of Evidence require the government to provide to the defendant prior notice in advance of trial of its intent to rely on evidence of other crimes, wrongs or acts upon request of the material by the defendant. *F.R.Evid., Rule 404(b)*. Presumably the requirement was motivated, at least in part, by several cases holding that such notice was necessary to provide the defendant with a fair trial and to prevent "trial by ambush." For example, in *United States v. Kelly,* 420 F.2d 26, 29 (2nd Cir. 1969) in which the Court found that In order that the Defendant should not be subjected to "trial by ambush," to prevent the introduction of inadmissible "other crimes" evidence, and to avoid time-consuming and potentially prejudicial contests over

admissibility before the jury, the Court should require written disclosure of the evidence and the prosecution's theory of admissibility. *See*, *United States v. Kelly*, 420 F.2d 26, 29 (2nd Cir. 1969).

Similarly, in *United States v. Baum*, 428 F.2d 1325 (2nd Cir. 1973), the Court noted that the right of the accused to discovery of such evidence prior to trial arises from basic constitutional rights to notice of the nature and cause of the accusation, to confrontation, to effective assistance of counsel, and to due process of law and a fair trial. *United States Constitution*, Amends. V, VI and XIV. The Court opined that these rights will be hopelessly frustrated if the Defendant does not receive the requested evidence sufficiently in advance of trial to enable him to prepare. In *Baum*, the Second Circuit reversed a conviction because such a motion was denied by the trial court.

> In so doing, the Court stated:
>
> Confronted for the first time with the accusation of prior criminal conduct and the identify of the accuser, the Defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This predicament was precipitated by the prosecutor.

Similarly, in *Riggs v. United States*, 208 F.2d 750, 753 (5th Cir. 1960), the Fifth Circuit strongly condemned nondisclosure of a transaction not included in the indictment but "saved to be used as a surprise knockout blow." *See*, *also*, *United States v. Braasch*, 505 F.2d 139, 149 (7th Cir. 1974).

The Court, as well as the Defendant, has a vital stake in pretrial disclosure of the intention to interject other crimes evidence into the trial. Whether such evidence would be admissible under Rules 401, 403 and 404(b) of the Federal Rules of Evidence poses serious and difficult evidentiary questions which could greatly delay the trial if litigated at trial.

Moreover, mid-trial surprise by the government with such evidence, could result in a

mid-trial continuance in order to give the Defendant a fair opportunity to meet such evidence.

Finally, erroneous interjection of such evidence is one of the most frequent causes of mistrials and reversals on appeal. Sound judicial administration requires pretrial notice of evidence of other crimes, wrongs and bad acts so that issues surrounding the admission of this evidence can be resolved prior to trial. *United States v. Stofsky*, 409 F.Supp. 609, 620 (S.D. N.Y. 1973), *aff'd* 527 F.2d 237 (2nd Cir. 1975).

If the 404(b) material is permitted it effectively diverts the trial from the allegations of the indictment to a mini trial of the allegations from the bond hearing. These allegations do not have anything to so with whether or not Mike Tarver committed the acts alleged in the indictment.

Futhermore, they have little or no probative value in light of their inaccuracy and are highly prejudicial in nature. They prove neither motive nor opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The testimony causes unfair prejudice, confusion of the issues, misleading the jury, undue delay and a waste of time *F.R.Evid. 403*.

## **CONCLUSION**

The 404(b) testimony should be excluded consistent with Mike Tarver's constitutional rights under the Fourth, Fifth and Sixth amendments.

Respectfully submitted,

MICHAEL ALLEN TARVER

By: /s/ Cynthia A. Stewart
CYNTHIA A. STEWART

## CERTIFICATE OF SERVICE

I, Cynthia A. Stewart, do hereby certify that I have this day caused to be filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which sent a true and correct copy of the same to all counsel of record.

        **SO CERTIFIED**, this the 21st ` day of December, 2015.

        /s/ Cynthia A. Stewart
        Cynthia A. Stewart