UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 4:15CR050-SA-JMV

MICHAEL ALLEN TARVER

**GOVERNMENT'S RESPONSE TO MOTION TO COMPEL**

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and responds to the defendant's Motion to Compel (Doc. #59) as follows:

The defendant has filed a motion to compel, alleging in general terms that "there have been numerous law enforcement agencies involved in the investigation of this case" and that the defendant "is entitled to receive investigative reports and other documents relevant to the respective investigations." However, the defendant has failed to identify who he is trying to compel to act. The government is not certain whether this motion has been filed in an effort to compel the U.S. Attorneys Office, or whether the defendant is seeking to compel the various law enforcement agencies listed by the defendant in the motion. Furthermore, while the motion implies that the defendant is seeking investigative reports, the motion is not very clear as to what specific items the defendant is seeking to be produced.

The defendant lists the following agencies that the defendant believes have been involved in the investigation of this matter: Bolivar County Sheriff's Department, Mississippi Highway Patrol, Mississippi Bureau of Investigations, the FBI, and the Environmental Protection Agency. Of that group, the government has previously issued a subpoena to the Bolivar County Sheriff's

1

Department and the Sunflower County Sheriff's Department requesting all information pertaining to the investigation of Michael Tarver. All documents received from both Sheriff's Departments in response to the subpoena have been produced to the defendant. The FBI has not generated any reports in regard to this matter and this information has previously been conveyed to counsel for the defendant. The government is not aware of the existence of any reports from the Mississippi Bureau of Investigations or even whether that agency was formally involved in this matter.

    As to the reports of the Environmental Protection Agency or the Mississippi Highway Patrol, the government has produced all relevant documents, photographs, or other evidence generated by the investigation of either agency. In reading Rule 16 of the Federal Rules of Criminal Procedure, the undersigned is not aware of any duty to provide case agent reports. Rule 16 requires the government to produce statements of the defendant (including written or recorded statements and summaries of oral statements), a copy of the defendant's prior record, reports of examinations and tests, and certain information pertaining to potential expert witnesses. In addition, Rule 16 requires the government to produce for inspection, copying, and photographing, documents and objects within its control, including books, papers, documents, data, photographs, tangible objects, buildings and places if: (1) the item is material to preparing the defense; (2) the government intends to use the item in its case-in-chief; or (3) the item was obtained from or belongs to the defendant. In this matter, all information relevant to the investigation of either the EPA or the Mississippi Highway Patrol has been produced to the defendant. There is no information contained in the reports of the EPA or the Mississippi Highway Patrol that has not been produced to the defendant that would be material to preparing the defense of this matter or that would constitute either exculpatory or impeaching information. Stated another way, while the formal reports have not been produced, all relevant information contained within the reports or

gathered through the investigation of these agencies that sets forth the evidence against the defendant has been provided to the defendant.

For further clarification, the government would state that it does have reports of interviews with potential witnesses, which the government is clearly not required to produce at this time. Said documents may be considered *Jencks* material which would need to be disclosed at the appropriate time, which in this case, is six days in advance of trial, pursuant to the order entered by this court on October 15, 2015.

For the foregoing reasons, the government would respectfully request that the defendant's Motion to Compel be denied.

Respectfully submitted, this the 24th day of December, 2015.

                                        FELICIA C. ADAMS
                                      MS Bar 1049
                                      United States Attorney

                                By: */s/ Robert J. Mims*

                                      ROBERT J. MIMS,
                                      MS Bar 9913
                                      Assistant United States Attorney
                                      Ethridge Professional Building
                                      900 Jefferson Avenue
                                      Oxford, MS 38655-3608
                                      Telephone 662-234-3351
                                      Fax 662-234-3372

## **CERTIFICATE OF SERVICE**

I, Robert J. Mims, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION TO COMPEL** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Cynthia A. Stewart   cstewart@mississippitrial.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

NONE

This the 24th day of December, 2015.

/s/ Robert J. Mims
ROBERT J. MIMS
Assistant United States Attorney